From New Bern District.
In 1798 administration de bonis non on Caswell's estate was granted by the County Court of Craven to Robert Ogden, and shortly afterwards Singleton waited on Ogden and offered to pay the balance of principal and interest due upon the bonds aforesaid at the time of offering to pay the same to Caswell as aforesaid; but Ogden refused to settle unless interest was paid upon the bonds for the whole time without any deduction; and instituted suits upon said bonds and recovered judgments. Singleton filed his bill in equity, praying that an injunction might be granted as to the interest which had accrued upon the bonds from the time he offered to make payment to Caswell up to the time that he offered to make payment to Ogden as aforesaid. Ogden in his answer insisted that Caswell was a British subject; that after the declaration of American Independence in 1776, Caswell had retired from North Carolina, went to New York, where he continued within the lines and garrisons of His Britannic Majesty until his death, having retained his (159) allegiance, but taking no part in the war; that the debts due upon the bonds aforesaid were within the meaning and provision of the fourth article of the treaty of peace concluded between his Britannic Majesty and the United States, directing that creditors on either side should meet with no legal impediments to the recovery of full value in lawful money of allbona fide debts theretofore contracted; that Caswell was under no legal or equitable obligation to accept depreciated paper money in payment of the bonds aforesaid, and that his promise or agreement that no further interest should be charged was totally without consideration and ought not to be enforced. This case was transferred to this Court for the opinion of the judges upon the question whether complainant was entitled to the relief prayed for in his bill.
The defendant's intestate in this case promised not to demand interest at the time the depreciated currency was offered to him in payment; and the circumstance that he thereby avoided receiving what the law and the necessity of the times then made a legal tender, and which must unavoidably have sunk to nothing in his hands, affords such a consideration to support his promise as to entitle the complainant to the aid of a court of equity to enforce a compliance with it. The injunction must therefore be made perpetual, as prayed for by complainant. *Page 123 
(160)